United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10706
Conference Calendar

_____

FREDERICK ASBERRY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; CHAD E. MEACHAM; RENEE HARRIS;
BRYAN WALTERS; JOHN MCBRYDE,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-283-Y
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frederick Asberry, federal prisoner # 29141-077, was

convicted of conspiracy to distribute cocaine base and was

sentenced to life in prison.  Asberry filed a complaint naming

the United States, a federal district court judge, two assistant

U.S. attorneys, and a private attorney as defendants to his

allegations that his conviction was invalid and that he had been

kidnaped and falsely imprisoned.  Asberry sought damages in

excess of $100,000.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court allowed Asberry to proceed in forma pauperis (IFP), construed the complaint seeking damages as a civil rights action, and dismissed all of the claims under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). Asberry argues that his complaint was not a civil rights complaint but was a motion under FED. R. CIV. P. 60(b) challenging his criminal conviction. This argument is meritless. Asberry has not addressed any of the district court findings or conclusions supporting the dismissal of his claims. As Asberry has failed to address the relevant issues on appeal, he has waived them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal of the district court's dismissal of Asberry's civil action lacks arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Asberry is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Asberry accrues three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.